UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| TIMOTHY LEE STARK, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 4:18-cv-00056-SEB-DML |
| MICK RUTHEFORD, ROBERT BREWINGTON, JEFF MILNER, JIM HASH, PAUL CROCKETT, PHIL SCHUETTER, LINNEA PETERCHEFF, | ) ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

**ORDER ON MOTION TO DISMISS (DKT. 27)**

Now before the Court is Defendants' partial motion to dismiss for failure to state a claim. Dkt. 27. *See* Fed. R. Civ. P. 12(b)(6). For the reasons given below, the motion is granted in part and denied in part.

**Background**

Without a warrant or a hearing, Defendants, officers of the Indiana Department of Natural Resources (DNR), seized from Plaintiff (appearing here *pro se*) a raccoon and a coyote they believed he possessed illegally. Plaintiff brought suit, presumably under 42 U.S.C. § 1983 (there is no other option), for "an illegal seizure of [his] property" in violation of his "Constitutional civil rights." Compl., at 2. Plaintiff seeks the return of his property, compensatory damages, and "procedural changes or federal oversight of state government in order to prevent this type of event happening again." *Id.*

1

Defendants move to "dismiss any claims against them in their 'official capacity,' and claims against them for injunctive relief in their 'individual capacity.'" Mot., at 1. Defendants contend they are not suable under Section 1983 in their official capacities, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); and that they are not proper targets of injunctive relief in their individual capacities. *See Greenawalt v. Ind. Dep't of Corrs.*, 397 F.3d 587, 589 (7th Cir. 2005). In response, Plaintiff cites *Ex parte Young*, 209 U.S. 123 (1908); the Supremacy Clause; and the Fourth, Fifth, and Fourteenth Amendments to the Constitution. Br. Opp. 1–2. Defendants reply that, "[r]egardless of the legal basis for Plaintiff's claims, Defendants' [motion] focuses on the relief available to Plaintiff." Reply Br. 1.

## **Analysis**

We have a duty to police our own subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Everett v. BRP-Powertrain, GmbH & Co. KG*, 282 F. Supp. 3d 1063, 1068 (E.D. Wis. 2017). As for Plaintiff's request for an order "to prevent this type of event happening again," we have no jurisdiction to entertain it, so that claim to relief is hereby dismissed.

Under Article III of the Constitution, the jurisdiction of a federal court extends only to actual cases or controversies. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). One element of an actual case or controversy is the plaintiff's "show[ing] that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* at 102 (citing cases). Specifically, a

2

plaintiff who seeks injunctive relief against future harm (such as the relief Plaintiff seeks here) must "establish a real and immediate threat" that the harm will be suffered. *Id.* at 105.

In this case, there is no reason to believe that Plaintiff is in real and immediate danger of having his property unconstitutionally seized by DNR. Accordingly, as to this claim to relief, there is no actual case or controversy, and no federal jurisdiction. However, nothing here prevents Plaintiff from pursuing his claim for money damages.

As for Plaintiff's request for the return of his seized property, Defendants' motion must be denied. The Court's power to order the return of Plaintiff's property is beyond cavil, if Plaintiff is entitled to it and it is in Defendants' possession. *See Lee v. City of Chicago*, 330 F.3d 456, 465–66 (7th Cir. 2003); *Okoro v. Callaghan*, 324 F.3d 488, 490–92 (7th Cir. 2003). That legal remedy is of long standing for Fourth Amendment violations in criminal cases. *See* Fed. R. Crim. P. 41(g); *Weeks v. United States*, 232 U.S. 383, 387, 398 (1914). The Seventh Circuit has suggested that the remedy is available as well in civil *Bivens* actions against federal officers, *Stuart v. Rech*, 603 F.3d 409, 411–12 (7th Cir. 2010), and Defendants have given us no reason to treat differently civil Section 1983 actions against state officers. *See, e.g., Cooper v. City of Fort Wayne*, No. 1:06-CV-161-TS, 2007 WL 3232456, at *6–*7 (N.D. Ind. Oct. 30, 2007) (assuming availability of remedy; denying remedy where no evidence named defendants held plaintiff's property or responsible for its disposition).

The Seventh Circuit did hold in *Greenawalt* that Section 1983 "does not permit injunctive relief against state officials sued in their individual as distinct from their

3

official capacity." 397 F.3d at 589 (citing *Luder v. Endicott*, 253 F.3d 1020, 1024–25 (7th Cir. 2001)). *See, e.g., Henley v. Sunier*, No. 1:17-cv-02385-JMS-TAB, 2018 WL 6268297, at *5 (S.D. Ind. Nov. 30, 2018) (Magnus-Stinson, C.J.). But "[n]ot every equitable order is an injunction . . . ." *United States v. Hansen*, 795 F.2d 35, 38–39 (7th Cir. 1985) (discussing interlocutory appealability under 28 U.S.C. § 1292). *See, e.g., Bontkowski v. Smith*, 305 F.3d 757, 761–62 (7th Cir. 2002) (constructive trust for return of stolen property "cousin to an injunction"). And the closest common law analogues to Plaintiff's claim here—the actions for replevin and detinue—are not equitable at all, but legal. *Centurion Reins. Co. v. Singer*, 810 F.2d 140, 144 (7th Cir. 1987); 26B C.J.S. *Detinue* § 2 (2019). Accordingly, we do not read *Greenwalt* to hold that return of property wrongfully held is not an available remedy against individual-capacity defendants in Section 1983 actions.

Further, as Defendants concede, injunctive relief is available against them in their official capacities under *Ex parte Young*. Defendants insist that they are not proper *Ex parte Young* defendants, *see, e.g., Doe v. Holcomb*, 883 F.3d 971, 975–77 (7th Cir. 2018), but they predicate that insistence on facts not pleaded in Plaintiff's complaint (or even otherwise supported by evidentiary submissions), *see* Reply Br. 3, and therefore not properly considered by the Court on a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(d); *Jacobs v. City of Chicago*, 215 F.3d 758, 765–66 (7th Cir. 2000).

Assuming Plaintiff can show his entitlement to the seized property, the return-of-property remedy he seeks is available to him no matter whether Defendants are sued in

4

their individual capacity, official capacity, or both. Therefore, Defendants' motion is denied as to this claim to relief.

## **Conclusion and Order**

For the reasons given above:

Defendants' motion to dismiss, Dkt. 27, is GRANTED IN PART AND DENIED IN PART:

1. The motion is GRANTED as to Plaintiff's claim for "procedural changes or federal oversight of state government in order to prevent this type of event happening again." Compl., at 2.

2. That claim is DISMISSED for lack of jurisdiction.

3. The motion is in all other respects DENIED.

IT IS SO ORDERED.

Date:  04/05/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY LEE STARK
3320 Jack Teeple Road
Charlestown, IN 47111

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov